Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NIPPER, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | CLASS ACTION COMPLAINT |
| *v.* | DEMAND FOR JURY TRIAL |
| ALDER HOLDINGS LLC, a Utah registered company, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

Plaintiff Joseph Nipper ("Plaintiff Nipper" or "Nipper") brings this Class Action Complaint and Demand for Jury Trial against Defendant Alder Holdings LLC ("Defendant" or "Alder") to stop the Defendant from violating the Telephone Consumer Protection Act by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Nipper, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.     Plaintiff Joseph Nipper is a resident of Bakersfield, California.

2.     Defendant Alder is a Utah registered company headquartered in Orem, Utah. Defendant Alder conducts business throughout this District and throughout California.

**JURISDICTION AND VENUE**

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

**INTRODUCTION**

6.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number

of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.    According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 144.8 million per day. www.robocallindex.com (last visited August 13, 2023).

11.    The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Defendant Alder operates using the d/b/a Alder Home Security.[3]

15.     Defendant Alder sells security, home automation and life safety services to consumers.[4]

16.     Alder places debt collection calls to consumers that owe the company money.

17.     Defendant Alder leaves pre-recorded telemarketing voicemails to collect on debts owed to the company when consumers don't answer the calls.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://secure.utah.gov/bes/displayDetails.html
[4] https://www.linkedin.com/company/alder-home-protection/about/

4

18.     Consumers have captured and posted pre-recorded voicemails they received from Alder online, all of which are identical to the voicemails Plaintiff received, including:

**Typical Messages**

This is your home security provider Alder calling with an important message about your account. This is a time sensitive matter so it is important that you contact us at your earliest convenience at 801-441-1636. Thank you and we look forward to hearing from you.

▶ ○————————————————————————————————— 5 6

**Typical Messages**

This is your home security provider Alder calling with an important message about your account. This is a time sensitive matter so it is important that you contact us at your earliest convenience at 801-441-1636. Thank you and we look forward to hearing from you.

▶ ○————————————————————————————————— 7 8

**Typical Messages**

This is your home security provider Alder calling with an important message about your account. This is a time sensitive matter so it is important that you contact us at your earliest convenience at 801-441-1636. Thank you and we look forward to hearing from you.

▶ ○————————————————————————————————— 9 10

---

[5] https://directory.youmail.com/phone/800-807-5897

[6] https://media.youmail.com/mcs/glb/audio/s3diZGlyXzRoY2RmYTp0b21jYXQ4MTM5OjE2MTM0MzIzNTTAyOTE3AK9Kka.gen.mp3

[7] https://directory.youmail.com/phone/207-387-4210

[8] https://media.youmail.com/mcs/glb/audio/s3diZGlyXzRoY2RmYTp0b21jYXQ4MTM5OjE2MTM0MzIzNTTAyOTE3AK9Kka.gen.mp3

[9] https://directory.youmail.com/phone/239-354-7312

[10] https://media.youmail.com/mcs/glb/audio/s3diZGlyXzRoY2RmYTp0b21jYXQ4MTM5OjE2MTM0MzIzNTTAyOTE3AK9Kka.gen.mp3

19.     Consumers have posted complaints and reports online claiming that they also received unwanted calls from Defendant Alder that were intended for a different consumer, including:

- "I don't have an alarm"[11]

- "Since June 2021 Alder has been harassing me with billing for services I've never have had, and equipment disconnect, equipment I've never had! I have a record of 65 calls in my Voice Email Box, some days I get two calls; texting; emails and regular email notices and using all of my three phone numbers, even after I block Alder…"[12]

- "If I could give them Zero stars I would. They have been harassing be about a bill the belongs to my dad for weeks now. After several attempts to call them to tell them to remove my number yesterday being the last time I talk to them the woman laughed at me on the phone and thought it was funny when I told her I didn't need this right now that my mother had just passed when I told her that she laughed as hard as she could needless to say my response wasn't a nice one! I won't put on here what called her but I will tell you I did tell her that I contacted the fcc to file a complaint and to keep it up because it's a fine every time they call me. She didn't like that at all oh well !!!! Stay away from this company they are an unprofessional joke !!!"[13]

20.     Defendant does not obtain the appropriate consent before placing pre-recorded collection calls to consumers like the Plaintiff in this case.

21.     In response to these calls, Plaintiff Nipper brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[11] https://lookup.robokiller.com/p/844-442-5337
[12] https://www.complaintsboard.com/alder-holdings-b129645
[13] https://www.yelp.com/biz/alder-orem-4?start=20

## PLAINTIFF NIPPER'S ALLEGATIONS

22.    Plaintiff Nipper is the sole owner and user of his cell phone number.

23.    Plaintiff Nipper has owned his cell phone number for one year.

24.    Throughout the month of June of 2023, Plaintiff Nipper received unwanted calls from Defendant Alder to his cell phone that were intended for the previous owner of his cell phone number.

25.    If the Plaintiff picked up the call, a live Alder employee introduced themselves on the phone and explained that they were trying to collect a debt from a specific person, who happened to be the previous owner of the cell phone number.

26.    If the Plaintiff did not pick up these calls, he would receive an identical prerecorded voicemail message which happened several times.

27.    Plaintiff Nipper answered several calls and each time he told Alder's employees that they were calling the wrong number.

28.    Despite letting Alder know that it was calling the wrong phone number, Plaintiff Nipper received subsequent calls from Alder.

29.    For example, Plaintiff Nipper received unwanted calls from Defendant Alder to his cell phone on June 23, 2023 from 855-633-0646 and twice on June 26, 2023 from 855-633-0646.

30.    The Plaintiff did not answer these calls and prerecorded voicemail messages were left on his cell phone which were all identical.

31.    Each prerecorded message he had received was identical in the content of the message, the individual's voice on the message, and the cadence and accent of the message.

32.    Identical prerecorded voicemail messages were posted by consumers online that matched what the Plaintiff heard. For example, a consumer posted the prerecorded voicemail he heard on the website Youmail which matches exactly the same prerecorded messages the Plaintiff received:

**Typical Messages**

 This is your home security provider Alder calling with an important message about your account. This is a time sensitive matter so it is important that you contact us at your earliest convenience at 801-441-1636. Thank you and we look forward to hearing from you.

▶ ○─────────────────────────── [14]

33.    Plaintiff Nipper has never done business with Alder and has never owned an Alder alarm system.

34.    The calls that Plaintiff Nipper received were for the previous owner of his cell phone, despite the fact that Plaintiff owned the number for a year when the calls began.

35.    Plaintiff never provided consent for Defendant Alder to place pre-recorded calls to his cell phone number.

36.    The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Nipper in the form of annoyance,

---

[14] https://directory.youmail.com/phone/210-640-3200

nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

37.     Seeking redress for these injuries, Plaintiff Nipper, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

38.     Plaintiff Nipper brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Pre-recorded No Consent Class</u>:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

39.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Nipper anticipates the need to amend the Class definition following appropriate discovery.

40.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

41.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether the calls constitute a violation of the TCPA;

(c)     whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

42.     **Adequate Representation**: Plaintiff Nipper will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Nipper has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Nipper and his counsel are committed to vigorously prosecuting this action on behalf

of the members of the Class and have the financial resources to do so. Neither Plaintiff Nipper nor his counsel have any interest adverse to the Class.

43.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Nipper. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Nipper and the Pre-recorded No Consent Class)**

44.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45.     Defendant transmitted unwanted telephone calls to Plaintiff Nipper and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

46.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

47.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Nipper requests a jury trial.

>   **JOSEPH NIPPER**, individually and on
>   behalf of all others similarly situated,

DATED this 18th day of August, 2023.

>   By: /s/ *Rachel E. Kaufman*
>   Rachel Elizabeth Kaufman
>   Kaufman P.A.
>   237 S Dixie Hwy, 4th Floor
>   Coral Gables, FL 33133
>   (305) 469-5881
>   Email: Rachel@kaufmanpa.com
>
>   *Attorney for Plaintiff and the putative*
>   *Classes*

13