UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NIPPER, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOLDINGS, LLC,<br><br>Defendant. | Case No.: 1:23-cv-01239-ADA-CDB<br><br>CLASS CERTIFICATION SCHEDULING ORDER<br><br>Discovery Deadlines:<br>    Fact Discovery Cut-off:  August 2, 2024<br>    Mid-Discovery Status Conference:  June 7, 2024, at 9:30 a.m.<br>    Expert Disclosures: August 16, 2024<br>    Rebuttal Disclosures: August 30, 2024<br>    Expert Discovery Cut-off: September 30, 2024<br><br>Motion Deadlines:<br>    Filing:  October 15, 2024<br>    Opposition: November 25, 2024<br>    Reply: December 9, 2024<br>    Hearing:  January 3, 2025, at 10:30 a.m. |

Discovery is now open for all discovery pertaining to the class certification motion and to the merits only to the extent it overlaps with the class issues.  All non-expert discovery related to the motion for class certification shall be completed no later than **August 2, 2024,** and all discovery pertaining to experts shall be completed by **September 30, 2024**.  Both sides may conduct discovery as to the evidence relied upon in support of the motion and in opposition to the motion for class certification.

The parties are directed to disclose, in writing, all expert witnesses to be used in connection with class certified by **August 16, 2024**, and to disclose all rebuttal experts by **August 30, 2024**. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are advised that compliance with discovery cutoff dates requires that motions to compel be filed and heard sufficiently in advance of each of the respective cutoffs so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of this discovery cutoff may result in denial of the motion as untimely.

The Court sets a mid-discovery status conference on **June 7, 2024**, at 9:30 a.m. before Magistrate Judge Christopher D. Baker. Counsel shall file a joint mid-discovery status conference report no later than one week before the conference. Counsel also shall lodge the joint status report via e-mail to CDBorders@caed.uscourts.gov. The joint status report shall outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.

**Motion for class certification**

The motion for class certification shall be filed no later than **October 15, 2024**. Opposition to the motion shall be filed no later than **November 25, 2024**. Any reply shall be filed no later than **December 9, 2024**.

Neither the motion nor the opposition shall exceed 25 pages, exclusive of evidence and

evidentiary objections, unless leave is granted by the Court prior to the filing.  Any reply shall not exceed 15 pages, exclusive of evidentiary objections.

Any objections to the evidence shall be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[1]

The hearing on the motion for class certification, to be heard by Magistrate Judge Christopher D. Baker, is set for **January 3, 2025**, at 10:30 a.m.

### Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to resolve class certification in this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **November 14, 2023**              _____
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] No motions to strike evidence will be entertained.  If the Court sustains an objection to a piece of evidence, the evidence will not be considered.