UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NIPPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOLDINGS LLC,<br><br>Defendant. | Case No. 1:23-cv-01239-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 17) |

On August 18, 2023, Plaintiff Joseph Nipper ("Plaintiff") filed the operative complaint in which he asserts claims on behalf of himself and a putative class against Defendant Alder Holdings LLC ("Defendant").  (Doc. 1).  Defendant filed an answer to the complaint on October 9, 2023.  (Doc. 6).

Pending before the Court is the parties' stipulation to voluntarily dismiss this action without prejudice.  (Doc. 17).  As the parties' stipulation of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff is entitled to dismiss his individual claims (at least) without court order.  In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified.  Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement ... may be settled, voluntarily dismissed, or compromised only with the

court's approval." Fed. R. Civ. P. 23(e) (emphasis added).  In this case, the parties jointly seek to dismiss the putative class claims pursuant to Rule 41(a)(1) without prejudice.  (Doc. 17 at 2).  No class has been certified, Plaintiff has not sought certification, nor has certification been proposed for purposes of settlement.

Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the parties' filing that is consistent with Rule 41(a)(1)(A)(ii) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(ii).

IT IS SO ORDERED.

Dated:   **December 20, 2023**                                    _____
                                                                                       UNITED STATES MAGISTRATE JUDGE